IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| Diamond Comic Distributors, Inc., et. al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10308-DER<br><br>(Jointly Administered) |
| Diamond Comic Distributors, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>AFTERSHOCK COMICS, LLC<br>d/b/a Aftershock Comics,<br><br>Defendant. | Adversary Proceeding No. 25-00233-DER |
| AFTERSHOCK COMICS, LLC<br>d/b/a Aftershock Comics,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>Diamond Comic Distributors, Inc.,<br><br>Counterclaim Defendant. | |

**DEFENDANT AFTERSHOCK COMICS, LLC'S ANSWER AND
COUNTERLCLAIMS TO DEBTOR DIAMOND DISTRIBUTORS, INC.'S COMPLAINT**

Comes now, AFTERSHOCK COMICS, LLC ("**Aftershock**"), by and through its undersigned counsel, hereby files this answer, affirmative defenses, and Counterclaims to the *Complaint to Determine the Validity, Priority or Extent of a Lien or Other Interest in Property*

filed by Diamond Comic Distributors, Inc. ("**Diamond**") in the above captioned adversary proceeding (the "**Complaint**") and responds to the allegations of the Complaint as follows:

## NATURE OF THE ACTION

1. Aftershock admits that Aftershock and the Defendant entered into a Distribution Agreement. The remainder of the allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

2. Aftershock is without sufficient knowledge to either admit or deny the allegations in paragraph 2, and therefore, denies the allegations of Paragraph 2 and calls for strict proof thereof.

3. Aftershock admits the allegations in paragraph 3.

4. The allegations in paragraph 4 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

5. The allegations in paragraph 5 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

6. The allegations in paragraph 6 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

7. The allegations in paragraph 7 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

## PARTIES

8. Aftershock admits the allegations in paragraph 8.

9. Aftershock admits the allegations in paragraph 9.

10. Aftershock admits the allegations in paragraph 10.

**JURISDICTION AND VENUE**

11. The allegations in paragraph 11 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

12. The allegations in paragraph 12 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

13. The allegations in paragraph 13 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

14. The allegations in paragraph 14 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

**BACKGROUND**

15. Aftershock is without sufficient knowledge to either admit or deny the allegations, and therefore, denies the allegations of Paragraph 15 and calls for strict proof thereof.

16. Aftershock is without sufficient knowledge to either admit or deny the allegations, and therefore, denies the allegations of Paragraph 16 and calls for strict proof thereof.

17. Aftershock is without sufficient knowledge to either admit or deny the allegations, and therefore, denies the allegations of Paragraph 17 and calls for strict proof thereof.

18. Aftershock is without sufficient knowledge to either admit or deny the allegations, and therefore, denies the allegations of Paragraph 18 and calls for strict proof thereof. To the extent that the allegations reference a document, the documents referenced speak for themselves and Aftershock denies all allegations inconsistent therewith.

19. Aftershock is without sufficient knowledge to either admit or deny the allegations, and therefore, denies the allegations of Paragraph 19 and calls for strict proof thereof. To the

extent that the allegations reference a document, the documents referenced speak for themselves and Aftershock denies all allegations inconsistent therewith.

20. Aftershock states that the document referenced in Paragraph 20 speaks for itself and Aftershock denies all allegations that are inconsistent with the referenced document and calls for strict proof thereof. To the extent that the allegations in paragraph 20 are conclusions of law, no response is required. To the extent that a response is required, Aftershock denies the allegations.

21. Aftershock is without sufficient knowledge to either admit or deny the allegations, and therefore, denies the allegations of Paragraph 21 and calls for strict proof thereof.

22. Aftershock admits the allegations in paragraph 22.

23. The allegations in paragraph 23 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

24. The allegations in paragraph 24 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

25. The allegations in paragraph 25 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

26. The allegations in paragraph 26 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

27. The allegations in paragraph 27 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

28. The allegations in paragraph 28 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

29. The allegations in paragraph 29 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

30. The allegations in paragraph 30 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

31. The allegations in paragraph 31 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

32. The allegations in paragraph 32 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

33. The allegations in paragraph 33 is a statement of law to which no response is required.

34. The allegations in paragraph 34 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

35. The allegations in paragraph 35 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

36. The allegations in paragraph 36 are conclusions of law to which no response is required. To the extent that a response is required, Aftershock denies the allegations.

## COUNT I
### Declaratory Relief Requested Pursuant to 28 U.S.C. § 2201(a) and Federal Rule of Bankruptcy Procedure 7001(b)

37. In response to paragraph 37, Aftershock incorporates by reference its responses to the proceedings paragraphs as if fully set forth herein.

38. The allegations in paragraph 38 constitute a prayer for relief to which no response is required.

39. In response to Diamond's prayer contained in the "WHEREFORE" clause, the allegations contained in the "WHEREFORE" clause do not require a response. To the extent that a response is required, Aftershock denies the allegations.

40. Aftershock denies all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint is barred on the grounds of waiver, release, or laches.

3. The Complaint is barred to the extent the relief sought is contrary to the laws of the State of Maryland or Title 11 of the United States Code.

4. The Complaint is barred because Diamond breached the relevant agreements at issue first.

5. The Complaint is barred to the extent that Diamond is estopped from seeking declaratory relief due to its prior inconsistent positions or conduct in the bankruptcy proceeding.

6. The Complaint is barred by the doctrine of unclean hands.

7. Aftershock reserves the right to rely upon any affirmative defenses discovered through this proceeding.

## COUNTERCLAIMS

Aftershock for its Counterclaims against Diamond, by and through counsel, hereby states and alleges as follows:

## PARTIES

1. The Debtor with the last four digits of the Debtor's federal tax identification number is: Diamond Comic Distributors, Inc. (3450). The Debtor's mailing address is 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

2.	Aftershock is a California limited liability corporation with its principal place of business located at 15300 Ventura Blvd., Suite 507, Sherman Oaks, California 91403.

## JURISDICTION

3.	Jurisdiction in this Court is proper pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).

4.	Aftershock consents to entry of final orders and judgment by the Court in this adversary proceeding.

5.	Venue is proper in this Court pursuant to 28 U.S.C. sections 1408 and 1409.

## BACKGROUND

6.	Aftershock filed a voluntary petition for relief (the "**Aftershock Bankruptcy**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on December 19, 2022, in the U.S. Bankruptcy Court for the Central District of California (the "**California Bankruptcy Court**")

7.	Diamond received notice of the Aftershock Bankruptcy.

8.	Diamond filed a voluntary petition for relief under chapter 11 the Bankruptcy Code on January 15, 2025, in the U.S. Bankruptcy Court for the District of Maryland.

9.	The California Bankruptcy Court confirmed a plan of reorganization (the "**Aftershock Plan**") in the Aftershock Bankruptcy on May 20, 2025.  The effective date of the plan occurred on October 27, 2025.

10.	Prior to the effective date of the Aftershock Plan, Diamond filed the Complaint, commencing this adversary proceeding on September 9, 2025.

11. Prior to the filing of the bankruptcy, Diamond and Aftershock entered into an agreement governing the terms of their shipments of inventory (the "**Stock**"), Diamond's storage of the Stock, and payment terms upon sale of the Stock.

12. At all relevant times to this Complaint, Diamond was known by its creditors to be substantially engaged in selling the goods of others.

13. Aftershock paid all personal property, inventory, and other taxes on the Stock at all relevant times in the Complaint.

14. Aftershock retained the risk of loss of the Stock at all relevant times in the Complaint.

15. Aftershock received and/or completed annual reports filed with the pertinent taxing authorities confirming the value of the Stock and that Aftershock holds title thereto for purposes of tax assessments.

16. Diamond attached, as <u>Exhibit A</u> to its Complaint, a list of the "Defendant Supplied Consigned Inventory" (the "**Stock List**").

17. The Stock List does not differentiate between stock delivered to the Debtor prior to the petition date and stock delivered to the Debtor after the petition date.

18. Paragraph 1 of the Complaint alleges that the Stock of Aftershock was supplied "on consignment within the meaning of § 9-102(a)(20) of the Maryland Commercial Code." See Md. Code Ann. tit. 9, § 9-102(a)(20).

19. Diamond cannot meet its burden in establishing each prong of UCC § 9-102.

20. Article 9 does not apply to the transactions between Diamond and Aftershock.

21. UCC § 2-326 makes no reference to consignments.

22. Diamond is not a "buyer" under UCC § 2-326 because title never passed to Diamond.

23. Article 2 of the UCC does not apply to the transactions between Diamond and Aftershock.

24. The common law applies to the Distribution Agreement.

25. At all times relevant to the Complaint, Aftershock retained title of the Stock.

26. At all times relevant to the Complaint, no security interest attached to the Stock.

27. At all times relevant to the Complaint, the Stock remained property of Aftershock.

28. Accordingly, the Stock is not property of Diamond's estate and is property of Aftershock.

29. The Stock is property of the Aftershock Bankruptcy estate.

## COUNT I
### Declaratory Judgment that the Stock is property of Aftershock

30. Aftershock incorporates by reference its responses to the proceeding paragraphs as if fully set forth herein.

**WHEREFORE**, Aftershock respectfully requests that the Court enter an order and declaratory judgment in its favor and against Diamond as follows:

(i) the Stock is not subject to UCC Article 9 or Article 2 and under Maryland common law is property of Aftershock, not property of the estate within the meaning of 11 U.S.C. 541;

(ii) Diamond has no legal or equitable interest in the Stock that is superior to that of Aftershock;

(iii) Diamond may not sell or in any way dispose of the Stock;

(iv) upon termination of the Distribution Agreement, Diamond must return all Stock to Aftershock in accordance with the terms of the Distribution Agreement's termination provisions; and

(v) granting such other relief as the Court deems just and proper.

## COUNT II
### Willful violation of the Automatic Stay pursuant to Section 362(k)

31. Aftershock repeats and realleges the preceding paragraphs as if full set forth herein.

32. Diamond had constructive notice of the Aftershock Bankruptcy and knowledge of the automatic stay.

33. Diamond filed this Complaint during the pendency of the Aftershock Bankruptcy to obtain control over property of the Aftershock Bankruptcy estate in an effort to sell the property.

34. Diamond's filing of the Complaint knowingly and willfully violated the automatic stay.

35. As a result of the Diamond's violation of the automatic stay, Aftershock suffered damages, including incurring attorney's fees filing this Answer and Counterclaim.

36. Aftershock is also entitled to punitive damages pursuant to section 362(k).

**WHEREFORE**, Aftershock respectfully requests that the Court enter an order and judgment in its favor and against Diamond as follows:

(i) awarding damages, including attorneys' fees in connection with this adversary proceeding pursuant to section 362(k) according to proof at trial;

(ii) awarding punitive damages according to proof at trial; and

(ii) granting such other relief as this Court deems just and proper.

Date:   December 5, 2025                    Respectfully submitted,

                                                                             */s/ Lawrence A. Katz*
Lawrence A. Katz (Maryland Bar No. 02526)
HIRSCHLER FLEISCHER, PC
1676 International Drive
Suite 1350
Tysons, VA  22102
Telephone: (703) 584-8362
Email:  LKatz@hirschlerlaw.com

*Counsel for Aftershock Comics, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of December 2025, a copy of the foregoing Defendant Aftershock Comics, LLC's Answer and Counterclaims was served through the Court's Electronic case Filing Notices system on the following:

- **Jordan Rosenfeld**  jordan.rosenfeld@saul.com

/s/ Lawrence A. Katz
Lawrence A. Katz (Bar No. 02526)

And by first-class mail, postage pre-paid to the following:

## MAILING LIST

| | |
|---|---|
| Jeffrey C. Hampton | Mark Minuti |
| Adam H. Isenberg | Paige N. Topper |
| Turner N. Falk | Nicholas Smargiassi |
| 1500 Market Street, 38th floor | 1201 N. Market Street, Ste. 2300 |
| Philadelphia, PA 19102 | Wilmington, DE 19801 |